Ethel E. Anderson
vs.
Fred Landry et al.
} No. 85030.

July 14, 1931.

FROST, J. Heard on defendant's motion for new trial after verdict for the plaintiff in the sum of $161.85.

This is a suit brought to recover for damage done to an automobile belonging to the plaintiff which was in col-

lision with a machine operated by an employee of defendant, Lillian Landry. The accident occurred on August 27, 1930, at the intersection of West Avenue and Belmont Street, in the City of Pawtucket.

Miss Anderson was driving her machine, as she testified, westerly on Belmont Street. Before crossing West Avenue she came to a stop and looked to her right. She saw a truck coming southerly, which was then between Belmont Street and Warren Avenue. West Avenue is a broad highway. She started ahead at about 15 miles per hour. When halfway across the right rear mudguard of her machine was struck, the impact causing her machine to veer to the left and ultimately to crash into a telegraph pole. The truck which struck her machine was turned to its right, apparently in an attempt to avoid an accident and was overturned.

The plaintiff was supported in her testimony to some extent by one Fournier who was on a truck coming from the south on West Avenue.

Gilbert Ponton, the driver of defendant's truck, testified that when Miss Anderson started up he was about 50 feet away. A helper who was with Ponton said that he didn't see the Anderson machine until it was right ahead of them, 10 feet away.

The evidence was plainly conflicting on the question of who had the right of way. Defendant's counsel cites the case of *Jacobson* vs. *O'Dette*, 42 R. I. 447, to sustain his contention that plaintiff was guilty of negligence which was so clear as to require that the Court grant a new trial on that ground. That case differs markedly from the present case in that Jacobson, who was on Empire Street and about to cross Westminster Street, before crossing looked neither to the right or left but only straight ahead. Had he looked before attempting to cross Westminster Street, "he must have seen the defendant's automobile 'coming very fast' but a short distance from him" (p. 449). In the instant case Miss Anderson said that she looked to her right and saw a truck, giving a distance which would suggest that its driver might have stopped or slowed down sufficiently to avoid striking her.

The evidence was conflicting on the essential points of the case and the Court thinks there was evidence from which the jury might reasonably conclude that the collision was due solely to the negligence of defendant's driver.

As there was no evidence to hold defendant, Fred Landry, a verdict was directed in his favor by the Court. The verdict as rendered was against Lillian Landry.

In the Court's judgment the verdict does substantial justice between the parties and defendant's motion for a new trial is therefore denied.

For plaintiff: Thomas P. Corcoran, Charles Mangan.

For defendant: George Linden.